George H. Mayr, Defendant in Error, v. United States Brewing Company of Chicago et al. Edward A. Perreault, Plaintiff in Error.

Gen. No. 22,190.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. EDMUND K. JARECKI, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Reversed and remanded. Opinion filed July 11, 1917.

### Statement of the Case.

Action of forcible entry and detainer by George H. Mayr, plaintiff, against the United States Brewing Company of Chicago and Edward A. Perreault, defendants, to obtain possession of certain premises. From a judgment for a writ of restitution in favor of plaintiff, defendant Edward A. Perreault brings error.

S. E. LAMBERT, for plaintiff in error.

ENOS W. SHAW and WILL C. MOODY, for defendant in error.

MR. JUSTICE TAYLOR delivered the opinion of the court.

Mayr v. United States Brewing Co., 207 Ill. App. 214.

## Abstract of the Decision.

1. FORCIBLE ENTRY AND DETAINER, § 79*—*when lease is admissible as evidence of title.* In an action of forcible entry and detainer against an occupant of saloon premises, *held* that a lease from a lessee of such premises to defendant antedating the acquisition of the premises by the plaintiff was admissible in evidence to show defendant's title.

2. LANDLORD AND TENANT, § 429*—*when no privity of relation is created between sublessee and subsequent owner.* There is no privity of relation between the occupant of premises under a sublease, antedating the sale of the land to another person, and such person, although the latter executes a new lease to the same lessee from whom the sublessee obtained the prior lease.

3. LANDLORD AND TENANT, § 429*—*when sublessee's rights are not affected by new lease of lessee from subsequent owner.* The rights of a sublessee under a lease antedating the acquisition of premises by a person are not affected by a lease from such person to the lessee under whom the sublessee has been holding.

4. LANDLORD AND TENANT, § 429*—*when sublessee does not lose his rights under lease.* A sublessee does not lose his rights under a lease, where, upon the sale of the premises, and the execution of a new lease to the original lessee by the purchaser, he pays rent to the lessee and later to the lessee's assignee, and, prior to the default in the rent due from the assignee to the owner, and upon refusal of the assignee to accept the rent, timely tenders the rent due to the owner of the premises.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.